UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ROBERT KRAEMER,**

      **Plaintiff,**

  v.                                  Case No. 07-C-0337

**POLICE CHIEF GARY BACH,**
**CAPTAIN DANIEL MEISTER,**
**SERGEANT TERENCE NORDQUIST, and**
**CITY OF PEWAUKEE,**

      **Defendants.**

## DECISION AND ORDER

The parties filed a consent stipulated protective order and a stipulation of counsel that good cause exists for the entry of the order that would seal Attorney Susan Love's investigation files ("investigation files") produced by Defendant City of Pewaukee ("Pewaukee") in response to the Plaintiff's Request for Production of Documents, Request No. 14.

Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order only upon a showing of "good cause." The parties' agreement that good cause exists for sealing specific materials produced during discovery and that a protective order should be entered does not provide a sufficient basis for entry of that order. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994). *See also, Citizen's First Nat'l*

*Bank of Princeton v. Cincinnati Ins. Co*, 178 F.3d 943, 945-46 (7th Cir. 1999) (noting that most cases endorse a presumption of public access to discovery materials). Rather, the parties must provide the Court with sufficient information so that it may make an independent determination of whether "good cause" exists for the sealing of the subject investigation files and entry of the protective order. *See id.*

Thus, the Court denies the consent protective order without prejudice. If the parties want to obtain a protective order, they must file a brief statement of any facts that they believe establish good cause to seal the investigation files. Since Pewaukee possesses those files it may be in the best position to provide the necessary statement. The parties should also submit a revised proposed protective order that includes a statement that the Court has found that good cause exists for sealing the investigation files. The Court will then consider the parties' submissions and determine whether the proposed protective order should be granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The consent protective order (Docket No. 43) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 6th day of August, 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**